UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS E. PEREZ, *Secretary of Labor*, *United States Department of Labor*, )<br>)<br>) | |
| Plaintiff, ) | Civil Action No. 16-10396 |
| ) | |
| v. ) | |
| ) | |
| LOCAL UNION 26, UNITE HERE, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Now comes Plaintiff, Thomas E. Perez, Secretary of Labor, by and through his attorney, Carmen M. Ortiz, the United States Attorney for the District of Massachusetts, and alleges as follows:

### NATURE OF THE ACTION

1. This action is brought under section 104 of the Labor-Management Reporting and Disclosure Act of 1959 (the "Act"), 29 U.S.C. §§ 414, 440, for a judgment directing Local Union 26, UNITE HERE ("Local 26" or "Defendant"), to make available for inspection by its members all collective bargaining agreements negotiated between Defendant and all employers, including allowing the taking of handwritten notes on all such agreements, and enjoining Defendant from further violating Title I of the Act.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 440 and 28 U.S.C. §§ 1331, 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 440 and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Thomas E. Perez ("Plaintiff") is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 210 of Title I of the Act, 29 U.S.C. § 440.

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Suffolk, Massachusetts, within the jurisdiction of the District of Massachusetts.

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the Act, 29 U.S.C. §§ 402(i) and (j) and 481(b).

## FACTUAL ALLEGATIONS

7. Local 26 negotiated collective bargaining agreements with approximately forty employers, including Levy Restaurants.

8. Complainant is employed as a banquet server by Levy Restaurants and is a member in good standing of Defendant.

9. During the negotiation of the collective bargaining agreement between Levy Restaurants and Defendant in 2013, Complainant served as an alternate negotiation team member.

10. On at least one occasion in 2013, Complainant went to Defendant's office and requested copies of collective bargaining agreements between Defendant and employers other than Levy Restaurants. Defendant's employee provided Complainant with copies of the collective bargaining agreements she requested, including its contracts with Fenway Park and Northeastern University. Defendant did not tell Complainant that she had no right to inspect the

collective bargaining agreements she requested.

11. Thereafter, Complainant publicly opposed the collective bargaining agreement between Levy Restaurants and Defendant that was ratified in December 2013.

12. Among other provisions, Complainant objected to the use of so-called "Las Vegas–style economics model," according to which the employer and union decide on the present total cost of labor per hour, including hourly wages and benefits, and the parties then agree on a fixed percentage rate, usually under 5%, to raise that cost each year over the five-year period of the contract.  Under this approach, the union executive board decides how to allocate each yearly increase and may allot the increase to the union's health and welfare fund rather than to hourly wage increases.

13. Complainant also objected to the administration of the health and welfare fund, vouchers for cab fare, and staffing ratios.

14. Complainant communicated her objections to fellow members.

15. In March 2014, during Defendant's regularly scheduled election of union officers, Complainant campaigned for a challenger to incumbent Local 26 President Brian Lang ("Lang"). Ultimately, Lang was reelected.

16. Complainant filed an election complaint with Defendant's election commission regarding the restrictions it had placed on her campaigning in the March 2014 election of officers.  Defendant's election commission dismissed Complainant's complaint.

17. Complainant now seeks to review Defendant's collective bargaining agreements in advance of the next contract negotiation with Levy Restaurants.

18. On at least one occasion between March 22, 2014, and May 28, 2014, Complainant again visited Defendant's office and requested copies of collective bargaining agreements

between Defendant and employers other than Levy Restaurants.  On that occasion, Defendant's employee would not provide the collective bargaining agreements that Complainant requested.

19. By letter dated May 28, 2014, to Lang, Complainant requested an opportunity to review collective bargaining agreements negotiated by Defendant with employers other than her own.  Specifically, Complainant requested to review thirty-six current collective bargaining agreements and one expired collective bargaining agreement, as set forth in Exhibit A hereto.

20. Having received no response from Defendant, Complainant made an oral complaint to Plaintiff.

21. By letter dated July 14, 2014, to Lang, Plaintiff notified Defendant of the complaint and of Defendant's obligation under Title I, section 104 of the Act to make available for inspection by members all collective bargaining agreements between Defendant and employers.

22. By letter dated July 22, 2014, Defendant, through counsel, agreed to allow Complainant to make an appointment to review its collective bargaining agreements, but asserted that section 104 of the Act "obligates a union to provide copies or allow inspection only of agreements directly affecting the members or employees requesting such agreements."

23. On August 28, 2014, Complainant visited Defendant's union office by appointment to inspect its collective bargaining agreements.  At that time, Defendant's Financial Secretary-Treasurer informed Complainant that she would not be allowed to take notes.  After reviewing an agreement for 45 minutes, Complainant discontinued her inspection, finding that the inspection was not useful to her because she was not allowed to take notes.

24. On September 4, 2014, Complainant called Defendant to schedule another appointment to inspect its collective bargaining agreements.  Lang's administrative assistant informed Complainant that she would not be allowed to take notes.

25. Complainant made an appointment for September 26, 2014, to inspect Defendant's collective bargaining agreements. Complainant canceled the appointment after being informed by Plaintiff that Defendant still refused to allow her to take notes.

26. On September 23, 2014, Defendant, through counsel, informed Plaintiff that Defendant would not permit Complainant to take notes while inspecting collective bargaining agreements between Defendant and employers other than her own.

27. Several other UNITE HERE local unions provide both current and expired collective bargaining agreements online.[1]

## CAUSE OF ACTION
### (Violation of 29 U.S.C. § 414)

28. The Defendant violated and continues to violate section 104 of the Act, 29 U.S.C. § 414, by failing to allow its member to take handwritten notes as part of her right to inspect collective bargaining agreements between Defendant and employers other than her own.

29. The violation of section 104 of the Act, 29 U.S.C. § 414, alleged above has deprived a member of the Defendant of rights to which that member is entitled under the Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) directing the Defendant to allow its members to inspect and take handwritten notes on all collective bargaining agreements between Defendant and employers;

(b) enjoining Defendant from further violating Title I of the Act;

(c) for the costs of this action; and

---

[1] *See, e.g.*, Local 24 (Detroit), *available at* http://www.local24unitehere.org/; Local 43 (Chicago), *available at* http://www.unitehere43.org/resources/; Local 362 (Central Florida), *available at* http://www.unitehere local362.org/about-us/; Local 427 (Montana), *available at* http://www.unitehere 427.org/collective-bargaining-agreements/.

(d) for such other relief as may be appropriate.

        Respectfully submitted,

        THOMAS E. PEREZ, Plaintiff
        Secretary of the U.S. Department of Labor

        By his attorneys,

        CARMEN M. ORTIZ
        United States Attorney

By:   */s/ Jessica P. Driscoll*
      Jessica P. Driscoll, BBO No. 655394
      Assistant United States Attorney
      United States Attorney's Office
      John Joseph Moakley U.S. Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA  02210
      (617) 748-3398

Dated: February 25, 2016      Jessica.Driscoll@usdoj.gov

*Of Counsel for the Plaintiff*:

M. PATRICIA SMITH
Solicitor of Labor

BEVERLY DANKOWITZ
Acting Associate Solicitor

CLINTON WOLCOTT
Counsel for Labor-Management Advice

ANNA LAURA BENNETT
Attorney

U.S. Department of Labor